IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKIE KRINJECK,          )       Case No. 3:20-cv-63
                            )
        Plaintiff,      )       JUDGE KIM R. GIBSON
                            )
        v.                )
                            )
ANDREW SAUL,         )
Commissioner of Social Security,   )
                            )
        Defendant.   )

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff Vickie Krinjeck appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court finds that the Plaintiff's Motion for Summary Judgment should be **GRANTED** to the extent that Plaintiff seeks remand for further consideration, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion.

## I.    Procedural History

On June 9, 2017, Krinjeck filed an application for a period of disability and DIB, as well as an application for SSI, alleging a disability onset date of June 5, 2017. (R. 13) Kirnjeck's applications were initially denied November 16, 2017. (R. 13) An Administrative Law Judge ("ALJ") held a hearing on January 15, 2019. (R. 13) The ALJ issued a decision March 7, 2019

("Decision"), finding that Krinjeck was not disabled. (R. 13–24) On March 16, 2020, the Appeals

Council denied Krinjeck's request for review of the ALJ's Decision. (R. 1–5).

## II. Issues

Krinjeck presents the following issue for review:

1.   Whether the vocational expert's testimony supplied substantial evidence

for the ALJ's factual finding that Krinjeck had skills that were transferrable from

her prior certified nurse's aide job to a companion job.[1]

(ECF Nos. 18, 22)

## III. Discussion

### a. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's Decision

is supported by substantial evidence, and whether the Commissioner applied the proper legal

standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610

(3d Cir. 2014). "The Commissioner's findings of fact are binding if they are supported by

substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Substantial

evidence "means—and means only—'such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting

*Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938)). Substantial evidence "is 'more

than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Zirnsak*,

777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The Court

---

[1] Krinjeck makes multiple arguments for why the finding is not supported by substantial evidence. (ECF No. 18)

"review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

### b. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process. 20 C.F.R. § 404.1520(a)(4). "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'" *Zirnsak*, 777 F.3d at 611 (quoting 20 C.F.R. § 404.1520(a)(4)(i)). If the claimant is engaging in substantial gainful activity, then the claimant is not disabled. *Id.* "Second, the Commissioner considers the severity of the claimant's impairment(s)." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled." *Id.* "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)). If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled." *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work." *Id.* In determining whether the claimant can perform past relevant work, the claimant's residual function capacity ("RFC") is assessed. *Id.* "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations

in original). In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC determination." *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)). If the claimant can perform past relevant work, then the claimant is found to not be disabled. *Id.* The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence. *Id.*

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Id.* at 612 (citing 20 C.F.R. § 404.1520(a)(4)(v); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)). To meet this burden, "the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560). The Commissioner uses the RFC, as well the testimony of vocational experts ("VE") and specialists, to establish that work exists in significant numbers in the national economy that the claimant is capable of performing. *Id.* "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

### c. The ALJ's Evaluation of Krinjeck

In the present case, the ALJ found that Krinjeck "ha[d] not engaged in substantial gainful activity since June 5, 2017, the alleged onset date." (R. 650) At step two, the ALJ found that Krinjeck "had the following severe impairments: obesity, degenerative disc disease, and lumbar radiculopathy." (R. 16) Further, the ALJ found that these "medically determinable impairments and their symptoms significantly limit [Krinjeck's] ability to perform basic work activities." (R. 16) At step three, the ALJ found that Krinjeck "does not have an impairment or combination

of impairments that meets or medically equals the severity of one of the listed impairments." (R. 18)

The ALJ found that Krinjeck has the RFC "to perform light work[,] . . . except for the following: the claimant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; the claimant can never climb ladders, ropes, or scaffolds; the claimant can have occasional exposure to extreme cold and extreme heat; and the claimant cannot have any exposure to moving mechanical parts or unprotected heights." (R. 19)

At step four, the ALJ determined that Krinjeck "is unable to perform any past relevant work." (R. 22) Finally, at step five the ALJ determined that, "[c]onsidering [Krinjeck's] age, education, work experience, and [RFC], [Krinjeck] has acquired work skills from past relevant work that are transferrable to other occupations with jobs existing in significant numbers in the national economy." (R. 23) Relying on the vocational expert's testimony, the ALJ found that Krinjeck had "past relevant work as a certified nurse's aide" and had acquired the following work skills: (1) patient care; (2) knowledge of medical terminology; (3) work with the public; and (4) knowledge of medication. (R. 23) Accordingly, the ALJ found that Krinjeck "has not been under a disability . . . from June 5, 2017, through the date of decision." (R. 24)

### d. Analysis

#### i. The ALJ's Transferability of Skills Determination is Insufficient to Permit Meaningful Judicial Review.

Krinjeck contends that the ALJ erred by relying on the VE's testimony that skills she had developed as a certified nurse's aide transferred to the semi-skilled companion job with little or no vocational adjustment. (ECF No. 18) Krinjeck argues that the ALJ violated Social Security

Regulation 82-41(2)(d) by finding that Krinjeck had transferrable skills from her certified nurse's aide job because that regulation states that nursing skills are not ordinarily transferrable and skills relating to aide duties are not transferrable. (ECF No. 18 at 9) Krinjeck also argues that the ALJ erred by failing to follow DI 25015.017 of the Commissioner's Program Operations Manual System ("POMS") because it requires that, for skills to be transferrable between jobs, the jobs must both have the same or similar industry designation. (ECF No. 18 at 6–8) But here, nurse aide[2] and companion have different industry designations—Medical Services and Domestic Service, respectfully. (*Id.*) Krinjeck further contends that, to the extent the transferrable skills are nursing skills rather than aide skills, they are not transferrable to a companion job because nursing skills are skills regarding treating patients as a medical professional, whereas a companion is a providing domestic services outside of the medical context. (*Id.* at 9–13) In addition, these differences between a nurse aide and a companion creates a conflict between the VE and the Dictionary of Occupational Titles ("DOT"). (*Id.* at 12) Krinjeck argues that none of these issues and conflicts were acknowledged or addressed by the VE or the ALJ. (*Id.*)

The Commissioner contends that the VE was qualified and that the ALJ may rely on the VE's testimony. (ECF No. 22 at 6–10) Here, the VE testified that the skills that Krinjeck obtained during her career as a certified nurse's aide transferred to the less-skilled companion job. (*Id.* at 7–8) Thus, the VE's testimony constituted substantial evidence that Krinjeck had transferrable skills enabling her to perform the job of a companion. (*Id.* at 8) Further, the Commissioner contends that SSR 82-41 does not bar the ALJ's finding because it recognizes that the duties of a

---

[2] SSR 82-41 uses the term "nurse aide." It is used interchangeably with 'certified nurse's aide' throughout this Memorandum Opinion.

certified nurse's aide vary and thus the skills obtained in that job also vary. (*Id.* at 8–9)  In addition, Krinjeck provides no contrary vocational evidence. (*Id.* at 9)  The Commissioner also argues that the ALJ was not required to follow the methodology for determining transferrable skills in DI 25015.017 of the POMS because the POMS do not have force of law and are written to be used not just by ALJs but also lower-level adjudicators who do not have the expertise of a VE to rely on. (*Id.*)  Finally, the Commissioner contends that Krinjeck's reliance on SSR 00-04p is misplaced because there is no conflict between the VE's testimony and the DOT. (*Id.* at 9–10)

The VE testified at the hearing that Krinjeck's past work as a certified nurse's aide was semiskilled with a Specific Vocational Preparation ("SVP") code of 4 and required the following skills that are transferrable:  (1) patient care; (2) knowledge of medical terminology; (3) work with the public; and (4) knowledge of medication.  (R. 23, 51)  The VE testified that a person with the same age, education, past relevant work experience, and RFC as Krinjeck could perform the job of a companion.  (R. 23, 55)  A companion is a light and semi-skilled job with an SVP of 3 and which there are 200,000 jobs existing in the national economy.[3]  (R. 23, 51–52)

Social Security Rulings ("SSR") "are binding on all components of the Social Security Administration."  *Walton v. Halter*, 243 F.3d 703, 708 (3d Cir. 2001) (quoting 20 C.F.R. § 402.35(b)(1)).  "SSR 82-41 explains Social Security policy by way of example." *Shirley T. v. Saul*, No. CV DLB-19-2837, 2021 WL 1224065, at *3 (D. Md. Mar. 31, 2021).  SSR 82-41 uses examples

---

[3] The DOT provides:
309.677-010 COMPANION (domestic ser.)
    Cares for elderly, handicapped, or convalescent persons:  Attends to employer's personal needs [PERSONAL ATTENDANT (domestic ser.)].  Transacts social or business affairs [SOCIAL SECRETARY (clerical)].  Reads aloud, plays cards, or other games to entertain employer.  Accompanies employer on trips and outings.  May prepare and serve meals to employer.

"to illustrate while some workers may acquire skills from a particular job, other workers in that same occupation might not." *Id.* The relevant portion of SSR 82-41 provides in relevant part:

> Slightly more complex, at a *higher level of semiskilled work*, are jobs like that of a nurse aide, who may also serve food to people. A nurse aide ordinarily performs other tasks which do not provide a special advantage over unskilled workers, such as dusting and cleaning rooms, changing bed linens, and bathing, dressing and undressing patients. The only duties which suggest transferable skills are those related to "nurse" rather than "aide" -- taking and recording the rates of temperature, pulse and respiration; and recording food and liquid intake and output. However, these occasional or incidental parts of the overall nurse aide job, which are a small part of a higher skilled job (nurse), would not ordinarily give a meaningful vocational advantage over unskilled. The extent of such duties, however, may vary with individual nurse aides.

(SSR 82-41(2)(d) (emphasis in original))

The ALJ's opinion does not cite to SSR 82-41, nor do the VE or ALJ explain why the skills identified by the VE are, in fact, transferrable. SSR 82-41 provides that a nurse aide "ordinarily performs other tasks which do not provide a special advantage over unskilled workers." SSR 82-41(2)(d). It further provides that "*the only duties* which suggest transferrable skills are those related to '*nurse*' rather than 'aide.'" SSR 82-41(2)(d) (emphasis added). Thus, under SSR 82-41(2)(d), only duties related to nursing could possibly convey a transferrable skill and duties relating to being an aide do not convey a transferrable skill. And, "absent extraordinary circumstances," even the nursing duties "would *not* provide a meaningful vocational advantage over unskilled work and thus are not 'transferrable skills." *Barr v. Berryhill*, No. 2:16-CV-42, 2017 WL 2803176, at *12 (N.D. W. Va. June 13, 2017), *report and recommendation adopted*, No. 2:16-CV-42, 2017 WL 2803168 (N.D. W. Va. June 28, 2017); *cf. Davis v. Sullivan*, No. CIV. A. 89-4295, 1991 WL 90915, at *3 (D.N.J. May 22, 1991) (collecting cases where courts found nurse aide jobs to be unskilled). The skills Krinjeck acquired from her work as a certified nurse's aide—patient care,

knowledge of medical terminology, work with the public, and knowledge of medication—appear to be a mix of aide duties and nursing duties and, to the extent they are nursing duties would appear to be the types of duties that would "not ordinarily give a meaningful vocational advantage over unskilled." SSR 82-41(2)(d). "Evidence from a VE . . . cannot be inconsistent with SSA policy on the transferability of skills." SSR 00-4P. There is an apparent conflict between the VE's testimony regarding Krinjeck's transferrable skills and SSR 82-41(2)(d) that the ALJ did not consider or address. Specifically, several of the skills appear to be nursing-type skills that are not ordinarily transferrable and at least one of the skills is an aide skill which SSR 82-41(2)(d) provides is not transferrable. Nothing in the record addresses this apparent conflict. The ALJ is required to explain her decision to permit meaningful review and, on the current record, the Court is unable to conduct meaningful review. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).

The Court is cognizant that the ALJ is not required to specifically mention a relevant SSR when rendering a decision. *Clinkscales o/b/o T.S. v. Colvin*, 232 F. Supp. 3d 725, 740 (E.D. Pa. 2017). However, the ALJ's decision must nonetheless be consistent with the relevant SSRs. *See Martinez v. Colvin*, No. 3:14-CV-1090, 2015 WL 5781202, at *13 (M.D. Pa. Sept. 30, 2015); *see also Holiday v. Barnhart*, 76 F. App'x 479, 482 (3d Cir. 2003) (finding no error where the ALJ did not mention the applicable SSR but the ALJ's analysis comported with the applicable SSR). Here, on its face, the ALJ's decision is inconsistent with the SSR 82-41.

The Commissioner cites to *Combs v. Colvin*, a 2015 case from the Eastern District of Arkansas, which considered the issue of whether an ALJ could rely on a VE's opinion that aide-related duties of a nurse aide were transferrable. *See* No. 4:15-CV-0043, 2015 WL 9166865, at *3

(E.D. Ark. Nov. 27, 2015), *report and recommendation adopted*, No. 415-CV-00043, 2015 WL 8967858 (E.D. Ark. Dec. 15, 2015). That court concluded that SSR 82-41 provided that the ALJ could rely on the VE's identified transferrable skills, so the ALJ could properly rely on the VE's opinion. *Id.* That opinion, however, relies on SSR 82-41(2)(c), which addresses "[d]etermination[s] that a job is unskilled," and provides that VEs should be consulted to determine if a job is unskilled. *See id.* at *3 n.28. Section (2)(d) addresses "[d]etermination[s] that a job is semiskilled and whether skills are transferable to other jobs" and does not contain the same reference to consulting with VE's. SSR 82-41(2)(d). Further, (2)(c) only provides that VE's "may be consulted . . . at the hearing level" to help determine if a job can be learned in 30 days or less, not that a VE may be consulted regarding transferrable skills. Thus, there is nothing in SSR 82-41 to suggest that a VE may contradict SSR 82-41(2)(d) or that the ALJ may accept the a VE's opinion regarding transferrable skills where the opinion contradicts section (2)(d), especially without any explanation for the apparent conflict. It is also worth noting that *Combs* did not rely solely on this finding but also found that, setting aside the aide duties and whether skills were transferrable to a companion job, the nursing duties were nonetheless transferable to another job. *Combs*, 2015 WL 9166865, at *3.

### ii. Remand is Necessary Because the Error was not Harmless.

The Court cannot say that this error was harmless, so remand is necessary.[4] The sole job that the ALJ found that Krinjeck could perform was a companion and that decision was based, in part, on Krinjeck's transferrable skills from her certified nurse's aide job. (R. 23)

---

[4] Because the other arguments that Krinjeck raises in her Motion for Summary Judgment flow from, and depend on, the ALJ's decision about what skills are transferrable, the Court does not address these arguments.

**IV.  Conclusion**

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options: (1)  affirm the decision; (2) reverse the decision and award benefits directly to a claimant; or (3) remand the matter to the Commissioner for further consideration.  42 U.S.C. § 405(g).  In light of an objective review of all evidence contained in the record, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ failed to adequately address the restrictions on the transferability of skills for nurse aides contained in SSR 82-41(2)(d).  Therefore, the Court will remand the case for further consideration in light of this Memorandum Opinion.  In remanding, the Court makes no findings as to whether Krinjeck is or is not disabled or about what skills are properly transferrable from a nurse aide job.  The Court simply cannot properly evaluate the ALJ's opinion on the record before it. For these and the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICKIE KRINJECK, | ) | Case No. 3:20-cv-63 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this _13th_ day of July, 2021, upon consideration of Plaintiff's Motion for Summary Judgment and brief in support (ECF Nos. 17, 18) and Defendant's Motion for Summary Judgment and brief in support (ECF Nos. 21, 22), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 17) is **GRANTED** to the extent that Plaintiff seeks remand for further consideration, the decision of the Commissioner of Social Security is **HEREBY VACATED**, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with the Memorandum Opinion attached hereto. **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 21) is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE